UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY FRAZIER,

    Plaintiff,

v.

SVP, CORPORATION d/b/a
RAPPOURT BREW & CHEW, a
Michigan Domestic Profit Corporation,

    Defendant.

Case No:

Hon.

_____

Noah S. Hurwitz (P74063)
NACHTLAW, P.C.
Attorneys for Plaintiff
101 N. Main Street, Ste. 555
Ann Arbor, MI 48104
(734) 663-7550
nhurwitz@nachtlaw.com

_____

## **COMPLAINT AND JURY DEMAND**

Plaintiff, Timothy Frazier (hereinafter "Plaintiff"), by and through his attorneys, NACHTLAW, P.C., hereby alleges as follows:

### **INTRODUCTION**

This is an action for money damages, liquidated damages, punitive damages, costs, attorneys' fees and other relief on behalf of Plaintiff Timothy Frazier, an employee that suffered violations of the Families First Coronavirus Response Act ("FFCRA"), the Emergency Paid Sick Leave Act ("EPLSA") (which is a part of the

FFCRA), Michigan Public Act 238 of 2020, MCL 419.401 *et seq.*, and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* as a consequence of his unlawful termination and misclassification as an overtime-exempt employee by Defendant SVP Corporation, which does business as Rappourt Brew & Chew.

## PARTIES AND JURISDICTION

1. Plaintiff Timothy Frazier ("Plaintiff") is an individual residing in Ypsilanti, Michigan, which is located in Washtenaw County.

2. Defendant SVP Corporation, which does business as Rappourt Brew & Chew (hereafter the "Company") is a Michigan corporation with its registered business address in Plymouth, Michigan, which is located in Wayne County.

3. The events at issue occurred in Ann Arbor, Michigan, which lies in Washtenaw County and the Eastern District of Michigan.

4. This Court has general federal question jurisdiction pursuant to 28 U.S.C. § 1331, because Plaintiff brings his claim pursuant to the Families First Coronavirus Response Act ("FFCRA"), 29 C.F.R. § 826.150(a); Pub. L. No. 116-127, § 5104, 134 Stat. 178 (2020), the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq. This Court also has supplemental jurisdiction pursuant to 28 U.S.C.A. § 1367 over Plaintiffs' state law claims.

5. Venue is proper in this Court because SVP Corporation obligated itself to Plaintiff within the Eastern District of Michigan, Defendant's registered business

address is located within the Eastern District of Michigan, and Plaintiff resides within the Eastern District of Michigan.

## GENERAL ALLEGATIONS

6. Rappourt Brew & Chew is a restaurant in Ann Arbor, Michigan.

7. Plaintiff worked as a "chef/back of house manager" at Rappourt Brew & Chew from approximately June 29, 2019 to January 4, 2021.

8. On or around December 2, 2020, Plaintiff felt unwell at work and let Defendant know that he had to be excused early with what he perceived were COVID-19 symptoms, including sniffling, sore throat, and fever.

9. At that time, Defendant understood that Plaintiff needed to quarantine pursuant local, state, and federal guidelines.

10. As Defendant is aware, Plaintiff tested for COVID-19 on December 5, 2020 and received a positive COVID-19 test result on December 9, 2020.

11. Plaintiff quarantined while he was ill with COVID-19.

12. Plaintiff was not paid for COVID-19 sick leave.

13. Plaintiff advised Defendant he could return to work on December 23, 2020.

14. Plaintiff was told that he could return to work on January 9, 2021.

15. Defendant messaged Plaintiff on January 4, 2021 that he was being terminated due to "no call no show."

3

## COUNT I
## VIOLATION OF THE EMERGENCY PAID SICK LEAVE ACT AND THE FAMILIES FIRST CORONAVIRUS RESPONSE ACT – FAILURE TO PAY SICK LEAVE

16. Plaintiff incorporates all proceeding paragraphs above as though fully stated herein.

17. At all relevant times, Defendant was a covered employer as defined by the EPSLA/FFCRA, and the applicable federal regulations.

18. Plaintiff is an eligible employee under the definitional terms of the Act.

19. Plaintiff required leave for "a qualifying need related to a public health emergency" and/or is "experiencing COVID-19 symptoms and is seeking a medical diagnosis."

20. Defendant was aware Plaintiff required leave for these reasons.

21. Plaintiff provided Defendant adequate and timely notice of his need to take leave which qualified for the protection of the EPSLA/FFCRA.

22. Defendant failed to provide Plaintiff paid sick leave for COVID-19.

23. Defendant provided other employees paid sick leave for COVID-19 and therefore understood its obligations under the Act.

24. Defendant denied Plaintiff his EPSLA/FFCRA rights as described above and herein, including failing to provide Plaintiff with paid leave protected by the EPSLA/FFCRA to address his COVID-19 symptoms and testing.

25.   Defendant's actions were intentional, with deliberate disregard for the rights and sensibilities of Plaintiff.

WHEREFORE, Plaintiff is entitled to an award of damages including but not limited to back pay, compensatory damages, liquidated damages, punitive damages, costs, attorneys' fees, prejudgment interest and other damages as allowed by law and equity.

**COUNT II**
**VIOLATION OF THE EMERGENCY PAID SICK LEAVE ACT AND THE FAMILIES FIRST CORONAVIRUS RESPONSE ACT**
**-RETALIATION**

26.   Plaintiff incorporates all proceeding paragraphs above as though fully stated herein.

27.   Defendant retaliated against Plaintiff for quarantining in contravention of the FFCRA.

28.   Plaintiff's termination violates the FFCRA, which governs employers with less than 500 employees.

29.   Defendant has less than 500 employees.

30.   Notably, the FFCRA states that it is unlawful for any employer to "discharge, discipline, or in any other manner discriminate against any employee" who exercises his rights to "take leave in accordance with this Act." An employer that does so is subject to the penalties described in sections 16 and 17 of the FLSA (29 U.S.C. § 216, 217) with respect to such violation, which include lost wages, an

5

equivalent amount of liquidated damages (i.e., double damages), and attorney's fees and costs.

33. At all relevant times, Defendant was a covered employer as defined by the EPSLA/FFCRA, and the applicable federal regulations.

32. Plaintiff required leave for "a qualifying need related to a public health emergency."

33. Defendant interfered with and denied Plaintiff his EPSLA/FFCRA rights as described above and herein, including, but not limited to, discharging Plaintiff from his position in violation of EPSLA/FFCRA.

34. Defendant's actions were intentional, with deliberate disregard for the rights and sensibilities of Plaintiff.

35. Defendant's termination of Plaintiff for lawfully quarantining has directly and proximately caused Plaintiff damages, including embarrassment, humiliation, outrage, mental distress and economic loss.

WHEREFORE, Plaintiff is entitled to an award of damages including but not limited to back pay, compensatory damages, liquidated damages, punitive damages, costs, attorneys' fees, prejudgment interest and other damages as allowed by law and equity.

## COUNT III
## VIOLATION OF PUBLIC ACT 238 OF 2020, MCL 419.403

36. Plaintiff incorporates all proceeding paragraphs above as though fully stated herein.

37. On October 22, 2020, the Michigan legislature passed Public Act 238 of 2020, including MCL 419.403, which creates new protections for employees and is designed to "prohibit an employer from taking certain actions against an employee who does not report to work under certain circumstances related to COVID-19; to prohibit an employee from reporting to work under certain circumstances related to COVID-19; to prohibit discrimination and retaliation for engaging in certain activities; and to provide remedies."

38. MCL 419.403 states that an employer "shall not discharge, discipline, or otherwise retaliate against an employee who (a) complies with the stay-home provisions set forth [in the Act]; (b) Opposes a violation of this act; or (c) Reports health violations related to COVID-19."

39. MCL 419.405(2) states that "an employee who has close contact with an individual who tests positive for COVID-19 or with an individual who displays the principal symptoms of COVID-19 shall not report to work until 1 of the following conditions is met: (a) Fourteen days have passed since the employee last had close contact with the individual; or (b) The individual with whom the employee had close contact receives a medical determination that they did not have COVID-19 at the time of the close contact with the employee."

40. Plaintiff complied with the "stay home provisions" of the Act when he quarantined after testing positive for COVID-19.

41. Plaintiff advised Defendant that he could return to work on December 23, 2020.

42. Defendant responded that Plaintiff could return to work on January 9, 2021. However, Plaintiff was terminated by Defendant on January 4, 2021 due to "no call no show."

43. After Plaintiff requested his personnel file from Defendant, he was provided with purported legitimate business reasons for his termination—but all the reasons provided by Defendant were clearly pretextual.

44. MCL 419.407(1) states, "[a]n employee aggrieved by a violation of this act may bring a civil action for appropriate injunctive relief or damages, or both, in the circuit court for the county where the alleged violation occurred or for the county where the employer against whom the action is filed is located or has its principal place of business."

45. MCL 419.407(2) states, "[a] court shall award to a plaintiff who prevails in an action brought under this act damages of not less than $5,000.00."

WHEREFORE, Plaintiff is entitled to an award of damages including but not limited to back pay, compensatory damages, liquidated damages, punitive damages,

costs, attorneys' fees, prejudgment interest and other damages as allowed by law and equity.

## RELIEF REQUESTED

For the foregoing reasons, Plaintiff demands judgment against Defendant as follows:

a. Declare the practices and actions of Defendant as illegal under the FFCRA, EPLSA, FLSA and Public Health Michigan's Public Act 238 of 2020.

b. Award compensatory damages for monetary and non-monetary loss in whatever amount he is found to be entitled, including back and front pay, extreme mental and emotional distress, humiliation, outrage, economic damages, loss of employment opportunity, harm to reputation, loss of earning capacity, punitive damages, and any other damages available by law;

c. Award liquidated damages pursuant to the FFCRA and FLSA;

d. An award of interest, costs, and reasonable attorneys' fees; and

e. Whatever other relief this Court finds appropriate.

Respectfully Submitted,
NACHTLAW, P.C.

/s/ *Noah S. Hurwitz*
Noah S. Hurwitz (P74063)
Attorneys for Plaintiff
101 N. Main Street, Suite 555
Ann Arbor, MI 48104
(734) 663-7550

Dated: May 26, 2021

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY FRAZIER,

    Plaintiff,                                    Case No.

                                                       Hon.

v.

SVP, CORPORATION d/b/a
RAPPOURT BREW & CHEW, a
Michigan Domestic Profit Corporation,

    Defendant.

_____

Noah S. Hurwitz (P74063)
NACHTLAW, P.C.
Attorneys for Plaintiff
101 N. Main Street, Ste. 555
Ann Arbor, MI 48104
(734) 663-7550
nhurwitz@nachtlaw.com

_____

## DEMAND FOR TRIAL BY JURY

    NOW COMES Plaintiff Timothy Frazier, by and through his attorneys, NachtLaw, P.C., and demands a jury trial for all issues so triable.

                                            Respectfully Submitted,

                                            NACHTLAW, P.C.

                                            /s/ *Noah S. Hurwitz*
                                            Noah S. Hurwitz (P74063)
                                            Attorneys for Plaintiff
                                            101 N. Main Street, Suite 555
                                            Ann Arbor, MI 48104

Dated: May 26, 2021 (734) 663-7550

11